UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:12-CR-108-2-TAV-CCS |
| | ) | |
| HARVEY HARNESS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the defendant's pro se motion for sentence reduction [Doc. 34]. Defendant pled guilty to distribution of 100 kilograms or more of marijuana in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(D)) [Doc. 24]. On May 15, 2013, Defendant was sentenced to 37 months of imprisonment, followed by three years of supervised release [Doc. 33]. In support of his motion, Defendant states that the Court recommended that he participate in the 500 hour Residential Drug Abuse Program (RDAP) while incarcerated [Doc.34]. As part of the Program, inmates may or may not qualify for early release, receiving 12 months off their sentence. *Id.* Defendant states that he is currently enrolled in the RDAP, but due to a prior conviction, the Bureau of Prisons has determined that he does not qualify for early release. *Id.* Defendant asks the Court to enter an order reducing his sentence by 9 months, upon successful completion of the RDAP, which will allow him to share the same benefits of early release. *Id.* Defendant attached to his motion a report from the Bureau of Prisons stating that he was

deemed ineligible for early release based on his prior state conviction for "Accessory After the Fact of the Felony of Robbery." *Id.*

Under 18 U.S.C. § 3621(d)(2)(B), the Bureau of Prisons may reduce the sentence of a prisoner who (1) was "convicted of a nonviolent offense," and (2) "successfully completes a treatment program." As the Supreme Court noted, the Bureau of Prisons "has the authority, but not the duty," to reduce an eligible individual's term of imprisonment under the statute after that individual successfully completes drug treatment. *Lopez v. Davis*, 531 U.S. 230, 241 (2001). Here, Defendant was denied eligibility for early release because of a prior conviction for "Accessory After the Fact of the Felony of Robbery." Under 28 C.F.R. § 550.55(b)(4)(iii), inmates are not eligible for early release if they have a prior conviction for Robbery.

Federal prisoners have no constitutional or inherent right to participate in rehabilitative programs while incarcerated or to be conditionally released before the expiration of a valid sentence. *Moody v. Daggett,* 429 U.S. 78, 88 (1976); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex,* 442 U.S. 1, 7 (1979). And neither Section 3621(e) nor the Code of Federal Regulations (28 C.F.R. § 550.55), contain explicit mandatory language or standards limiting the Bureau of Prisons' discretion.

In addition, the authority of the Court to resentence Defendant is limited by statute. *United States v. Ross,* 245 F.3d 577, 585 (6th Cir. 2001). Specifically, 18 U.S.C. § 3582(c)(1)(B) provides in relevant part that a "court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed

2

sentence of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *Id.* Defendant refers to no statutory basis, and the Court is unaware of any, that would provide the Court with jurisdiction to amend its judgment under the facts of this case. In the absence of an express statute, the Court is without jurisdiction to reconsider and impose a modified term of imprisonment. *Ross,* 245 F.3d at 586; *accord United States v. Zsofka,* 1997 WL 44052 (1st Cir. Aug. 5, 1997); *United States v. Blackwell,* 81 F.3d 945 (10th Cir. 1996); *United States v. Crowder*, 947 F. Supp. 1183 (E.D. Tenn. 1996).

Accordingly, Defendant's motion for sentence reduction [Doc. 34] is **DENIED.**

ENTER:

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE